HONORABLE THERESA L. FRICKE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>TACOMA THERAPY, INC., TACOMA REHABILITATION THERAPY, INC., P.S., ANDREW JACOBS, MELANIE JACOBS, NANDY, INC., NATHAN LEMINGS AND JANE DOE LEMINGS, husband and wife, and the marital property thereof, THE LAW OFFICE OF MCLAUGHLIN & ASSOCIATES, INC., WESLEY MCLAUGHLIN AND JANE DOE MCLAUGHLIN, husband and wife, and the marital property thereof, DIRECT SOLUTIONS MARKETING, INC., DOES 1-100 and ROES 101-200,<br><br>Defendants. | Case No. 3:18-mc-05022-RBL-TLF<br><br>**PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN**<br><br>**Noting Date: March 29, 2019** |

//

//

PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 1

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

## I. RELIEF REQUESTED

Plaintiffs Allstate Insurance Company, Allstate Property & Casualty Insurance Company, Allstate Indemnity Company, and Allstate Fire & Casualty Insurance Company (Plaintiffs) respectfully request that the Court enter an Order compelling postjudgment discovery in this matter. Specifically, Plaintiffs seek an Order compelling Andrew Jacobs to provide complete responses to Plaintiffs' debtor interrogatories and requests for production, and compelling Platinum Collision Center, LLC, d/b/a Ace Autobody & Collision (Ace Autobody) to provide complete responses to Plaintiffs' document subpoena.

In addition, Plaintiffs request an Order authorizing an examination of Tausha McKernan, the sole member/owner of Ace Autobody. Plaintiffs have provided the Court with evidence of an improper relationship between Mr. Jacobs and Ace Autobody including potential fraudulent transfers and/or an alter ego relationship. An examination of Ms. McKernan is necessary so Plaintiffs can investigate these issues and determine what assets, if any, may be available to satisfy Plaintiffs' judgment.

## II. RELEVANT FACTS

A. Background

This is a post-judgment debt collection action filed by Plaintiffs following the resolution of litigation against Tacoma Therapy, Inc., and its affiliated businesses and individuals. Plaintiffs are seeking information from judgment debtor Andrew Jacobs, as well as records and information from Ace Autobody, where Mr. Jacobs works. Melter Decl. ¶¶3, 6.

Plaintiffs were granted judgment against Andrew Jacobs in the *Allstate Insurance Company, et al., v. Tacoma Therapy, Inc., et al.*, No. C13-5214-RBL (the *Tacoma Therapy* litigation). Melter Decl. ¶6; Dkt. # 2-1. The *Tacoma Therapy* litigation involved a complex fraud scheme masterminded by Mr. Jacobs involving numerous individuals and business entities, where the purpose was to fraudulently inflate medical bills and associated personal injury settlements paid by insurance companies such as Plaintiffs. Melter Decl. ¶¶4-5; *see also* No. C13-5214-RBL, Dkt. # 198 (Conclusion of Law No. 11). As part of the scheme, Mr. Jacobs started and used a separate legal entity, Direct Marketing Solutions, LLC, "to launder money from his illegally owned law firm" to himself and to use as kickbacks to further advance his fraud. *Id.* Plaintiffs obtained an initial judgment against Mr. Jacobs in the amount of $450,000, to which $250,000 in attorney fees was added. Dkt. # 2-1.

PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 2

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

After Plaintiffs obtained their judgment, Mr. Jacobs filed for bankruptcy in *In re Andrew James Edmund Jacobs*, U.S. Bankruptcy Court for the Central District of California, No. 2:15-bk-25203-BR, No. 2:15-bk-25203-BR. On July 21, 2017, Plaintiffs obtained a ruling in that action that their judgment against Mr. Jacobs was non-dischargeable. Dkt. # 2-3. Plaintiffs now seek information from Mr. Jacobs and his employer Ace Autobody in an effort to collect on their judgment. Melter Decl. ¶6.

B. Procedural History

On October 19, 2018, Plaintiffs filed a Motion for FRCP 69 Post Judgment Discovery Dkt. # 1. The motion was granted on November 5, 2018. Dkt. # 3. On January 7, 2019, this case was reassigned and referred to Honorable Judge Theresa L. Fricke. Dkt. # 4. The original order granting Plaintiffs' motion was then vacated and, on January 10, 2019, Judge Fricke granted a new Order on Plaintiffs' Motion for Judgment Debtor Exam. Dkt. # 5. This new Order reauthorized discovery into Mr. Jacobs and third-party discovery into Ace Autobody. *Id.*

On January 14, 2019, Plaintiffs personally served Mr. Jacobs with the Court-Ordered debtor interrogatories and requests for production, the Order authorizing debtor discovery, and the materials supporting the Court's Order.[1] Exs. 6, 7 to Melter Decl.; *see also* Dkt. # 6. On January 15, 2019, Plaintiffs served Tausha McKernan, registered agent for Ace Autobody, with the Court-Ordered document subpoena along with the Order authorizing debtor discovery. Exs. 8, 9 to Melter Decl; *see also* Dkt. # 6.

1. Response from Andrew Jacobs

Plaintiffs received no responsive material from Mr. Jacobs by his February 13, 2019 response deadline. Melter Decl. ¶16. On February 14, 2019, Plaintiffs' counsel requested a telephone conference with Mr. Jacobs to discuss his outstanding responses and to avoid a motion to compel. *Id.* On February 18, 2019, Mr. Jacobs emailed Plaintiffs' counsel, confirming he had received the discovery requests but stating that he did not intend to provide any information. Ex. 10 to Melter Decl.

Plaintiffs' counsel called Mr. Jacobs on February 21, 2019, to discuss his objections to

---

[1] Mr. Jacobs and Ace Autobody were initially served with copies of Plaintiffs' debtor discovery requests in November and December 2018, respectively. Melter Decl. ¶¶7-11. Plaintiffs re-served the requests following the Court's new Order authorizing discovery on January 10, 2019. Dkt. # 5; Exs. 6 and 8 to Melter Decl.

PLAINTIFFS' MOTION TO COMPEL
POSTJUDGMENT DISCOVERY AND FOR AN
ORDER AUTHORIZING EXAMINATION OF
TAUSHA McKERNAN - 3

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

Plaintiffs' discovery and potential limitations that might facilitate meaningful responses. Melter Decl. ⁋19. The telephone conference was not productive, and the parties could not reach agreement on what material Mr. Jacobs would provide to Plaintiffs. *Id.* Plaintiffs' counsel memorialized the call in an email to Mr. Jacobs dated February 21, 2019. Ex. 12 to Melter Decl. Mr. Jacobs sent a separate email later that day setting forth his version of the events and stating that he would produce the following: "My income[.] What I own or don't own[.] Any Garnishments or child support I'm required to pay[.] Bank Statements." Ex. 13 to Melter Decl. Plaintiffs' counsel responded by welcoming the information but stating that it was not enough for Plaintiffs to obtain a complete understanding of what assets may be available to satisfy their judgment. *Id.*

As of the date of filing this motion, Mr. Jacobs has not provided any of this information to Plaintiffs. Melter Decl. ⁋20.

    2.    <u>Response from Platinum Collision Center, LLC</u>

On December 28, 2018, Plaintiffs received correspondence via facsimile from Peter J. Kesling, an attorney with the firm Jacobs & Jacobs, in regard to the document subpoena issued to Ace Autobody. Melter Decl. ⁋12. Mr. Jacobs' father, Thomas Jacobs, is a partner at Jacobs & Jacobs. Mr. Kesling's letter said he represented Ace Autobody, <u>not Mr. Jacobs</u>, and he was objecting to the document subpoena. Ex. 5 to Melter Decl. He said: "Per these objections, your subpoena will remain unanswered." *Id.*

Shortly after receiving that letter, this Court issued the updated Order granting discovery, Dkt. # 5, which was then served on Ace Autobody with the document subpoena on January 15, 2019. Exs. 8, 9 to Melter Decl. After receiving no responses, Plaintiffs' requested a conference call to discuss any objections to the subpoena in a good faith effort to resolve the objections without a motion to compel. Melter Decl. ⁋16.

Plaintiffs' counsel and Mr. Kesling conducted such a conference on February 19, 2019, which was memorialized via email on February 21, 2019. Melter Decl. ⁋17; Ex. 11 to Melter Decl. From Plaintiffs' perspective, the telephone call seemed productive. Mr. Kesling said Ace Autobody did not object to document requests 3, 4, 5, 7, 8, 10, 11, 13, 14, 15, or 19 and would be producing all responsive documents. Melter Decl. ⁋17; Ex. 11 to Melter Decl. In response to his concerns that document requests 1 and 2 were overbroad because Ms. McKernan and Mr. Jacobs are family members (*i.e.*, documents and communications pertaining to Andrew Jacobs),

PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 4

F<small>AIN</small> A<small>NDERSON</small> V<small>AN</small>D<small>ERHOEF</small>
R<small>OSENDAHL</small> O'H<small>ALLORAN</small> S<small>PILLANE</small>, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

Plaintiffs clarified they were not interested in trivial exchanges, but documents relating to Ace Autobody, business ventures, transfers of assets (directly or indirectly) to Mr. Jacobs, other agreements with Mr. Jacobs or anyone acting on his behalf, and communications relating to the aforementioned subjects. Melter Decl. ⁋17; Ex. 11 to Melter Decl.

In addition, whereas Mr. Kesling initially objected to Plaintiffs' document requests 17, 18, and 20 on the basis that they were not relevant to Plaintiffs' postjudgment collection efforts, he ultimately conceded that this information would help Plaintiffs ensure that Ace Autobody's revenues were accounted for and that neither Mr. Jacobs nor anyone acting on his behalf was receiving undisclosed payments. Melter Decl. ⁋18. Despite that concession, Mr. Kesling nevertheless objected to document requests 6, 12, 17, 18, and 20 on the basis that any responses would include personal and private information of Ace Autobody employees. *Id.* In response, Plaintiffs suggested that the parties enter into a protective order. Mr. Kesling agreed to discuss the matter with his client and respond by February 22, 2019. *Id.*; Ex. 11 to Melter Decl. Mr. Kesling never disputed Plaintiffs' counsel's summary of the call or the terms of their agreement as outlined in his email of February 21, 2019. Melter Decl. ⁋18.

Having received no answer or responses, on February 26, 2019, Plaintiffs' counsel emailed Mr. Kesling, requesting an update. Melter Decl. ⁋21. On February 27, 2019, Plaintiffs' counsel received a letter from Mr. Kesling dated February 22, 2019, providing "there has been a change since our [FRCP 37] conference." *Id.*; Ex. 14 to Melter Decl. Mr. Kesling wrote that he had been instructed to answer Plaintiffs' document subpoena and then to immediately cease his representation of Ace Autobody. Ex. 14 to Melter Decl. Despite Mr. Kesling's concessions that many of Plaintiffs' document requests were appropriate, the responses included objections to every document request. *Id.* He provided a Form 1099 relating to Mr. Jacobs and eight pages of publicly available documents concerning Ace Autobody. *Id.* Furthermore, Mr. Kesling's written responses stated that "the taxes for [Ace Autobody] have not been filed for 2017" and that "an amendment for [Ms. McKernan's] 2017 taxes will be filed in 2019 along with the business's taxes for 2018." *Id.* In other words, Mr. Kesling confirmed that Mr. McKernan has never made any tax filings related to Ace Autobody.

As set forth below, Plaintiffs believe all of Ace Autobody's responses to Plaintiffs' document requests are insufficient, inaccurate, or fraudulent.

PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 5

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

C.  Evidence of Impropriety Involving Ace Autobody

There are multiple irregularities relating to Ace Autobody suggestive of an improper relationship with Mr. Jacobs. Melter Decl. ¶23. Ace Autobody is a single-member LLC, whose only member is Tausha McKernan. Exs. 14-16 to Melter Decl. Ms. McKernan is Mr. Jacob's cousin. Melter Decl. ¶¶23-24. To Plaintiffs' knowledge, Ms. McKernan has no prior experience in the auto industry. Mr. Jacobs, however, owned an auto dealership, Salstrom Motors, Inc., prior to filing for bankruptcy. Melter Decl. ¶5; Ex. 18 to Melter Decl.

Despite being Ace Autobody's sole owner/member, Ms. McKernan's public Facebook profile did not identify any affiliation between her and Ace Autobody until this debtor action was initiated in November 2018. Melter Decl. ¶¶24-25. In March 2018, her Facebook profile stated she was a server at The Hub restaurant in Gig Harbor, Washington. *Id.* But, on November 26, 2018—just days after Plaintiffs served Mr. Jacobs with debtor discovery and attempted service of the document subpoena on Ms. McKernan—her Facebook profile was changed to identify her as "CEO of Ace Autobody." A screen shot of that change is below:



Melter Decl. ¶26 (highlighting added). In another peculiar social media posting, a Yelp! profile bearing the name "Tausha M." and a photograph matching Ms. McKernan's likeness posted a review on Ace Autobody's homepage, stating that "[t]hey did a wonderful job on my car!!" A screen shot of that review is set forth below:



PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 6

FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

Melter Decl. ⁋30. The above posting appears to be a customer review by Ms. McKernan for an auto shop she purportedly owns.

Yet another curious review of Ace Autobody on Yelp! from "Trim B." refers to "Andy" as the "owner." A screen shot of that review is set forth below:



Melter Decl. ⁋28 (highlighting added). As seen above, a user with the profile name "Andy J." endorsed the review by voting for it. *Id.*

There are also irregularities with Ace Autobody's business formation documents. The Initial Report and Certificate of Formation filed with the Secretary of State's Office list Ms. McKernan's address as 5707 63rd Ave. W., University Place, Washington 98467. Exs. 15, 16 to Melter Decl. This address does not exist, and she does not reside there. Melter Decl. ⁋8; Ex. 2 to Melter Decl. Furthermore, although both documents purport to be signed by Ms. McKernan, the signatures are different.

| *Ex. 16, Certificate of Formation* | *Ex. 15, Initial Report* |
|---|---|
|  |  |

In fact, Plaintiffs retained forensic document examiner James A. Tarver to review the above signatures, and he concluded the signatures, more likely than not, do not share common authorship. This means at least one was <u>not</u> signed by Ms. McKernan. Ex. 20 to Melter Decl.

There is also reason to believe Ace Autobody made inaccurate statements in responding to Plaintiffs' document subpoena. Plaintiffs' Document Request No. 3 asked for all "checks

PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 7

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

and negotiable instruments signed or endorsed by Andrew Jacobs." Ex. 9 to Melter Decl. Ace Autobody replied that there were no checks endorsed by Mr. Jacobs, and he is "not a signor on the bank account." Ex. 14 to Melter Decl. Plaintiffs' Document Request No. 7 asked for all documents "relating to any power of attorney relating to Andrew Jacobs or [Ace Autobody]." Ex. 9 to Melter Decl. In response, Ace Autobody produced no documents and stated "[t]here are no power of attorneys relating to Andrew Jacobs in our possession." Ex. 14 to Melter Decl. These statements appear to be false.

In particular, Plaintiffs possess copies of three checks issued to Ace Autobody by Plaintiffs that were endorsed with the language, "POA on file @ Ace." Ex. 17 to Melter Decl. This appears to be an abbreviation for "power of attorney."

Importantly, Check No. 555983871 appears to be endorsed with the initials, "AJ."

 

*Id.* (highlighting added); Melter Decl. ¶¶35, 36.

Moreover, the "AJ" initials in Check No. 555983871 resemble how Mr. Jacobs initialed an agreement from the *Tacoma Therapy* litigation between him and Wes McLaughlin. *See* Ex. 18 to Melter Decl. (the McLaughlin Agreement). A side-by-side of the initials from Check No. 555983871 and the initials from the McLaughlin agreement is set forth below:

**Ex. 17, No. 555983871**     **Ex. 18, McLaughlin Agreement**

 

Exs. 17, 18 to Melter Decl. (circling and highlighting added); Melter Decl. ¶38. The initials closely resemble each other.

//

PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 8

F<small>AIN</small> A<small>NDERSON</small> V<small>AN</small>D<small>ERHOEF</small>
R<small>OSENDAHL</small> O'H<small>ALLORAN</small> S<small>PILLANE</small>, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

Likewise, the signature endorsement on Check No. 555414023 resembles Mr. Jacobs' signature from the McLaughlin Agreement (Ex. 18 to Melter Decl.) and other publicly available documents containing Mr. Jacobs' signature. Melter Decl. ¶39. Below is a side-by-side of the endorsement to Check No. 555414023 and Mr. Jacobs' signature from the McLaughlin Agreement:

| Ex. 17, No. 555414023 | Ex. 18, McLaughlin Agreement |
|---|---|



Again, the signatures closely resemble each other.

Plaintiffs asked forensic document examiner Mr. Tarver to examine the checks from Exhibit 17 and opine if any of them may have been endorsed by Mr. Jacobs. Mr. Tarver concluded **there are indications that the endorsements on Check No. 555414023 and No. 555983871 were written by Mr. Jacobs**. Ex. 19 to Melter Decl. He also concluded that, **more likely than not, the written text "POA on file @ Ace" shares common authorship on all three checks**. *Id.* This indicates that Ace Autobody's statement that Mr. Jacobs does not have authority to endorse checks is false and that he likely endorsed all three checks. It indicates that Ace Autobody's statement that there are no power of attorney documents is false and that Mr. Jacobs is exercising such power. And it indicates that Ace Autobody may have more than one bank or financial account to deposit company revenues, funds, and assets.

Finally, Ace Autobody's written responses to Plaintiffs' document subpoena confirm that Ms. McKernan did not make any tax filings in 2017 or 2018 relating to Ace Autobody. Ex. 14 to Melter Decl. at 4. Ms. McKernan does not appear to have claimed any profits or losses related to Ace Autobody to date. *Id.* Ace has provided no evidence to substantiate its claim that Mr. Jacobs is not a silent owner or partner of Ace Autobody, or that he has not received undisclosed or indirect payments.

D.   Civil Rule 26 Certification

Plaintiffs' counsel certifies that he has conferred with both Andrew Jacobs and Platinum Collision Center, LLC, in good faith in an effort to resolve these discovery issues prior to filing this motion. Ex. 40 to Melter Decl.

PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 9

FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

III.   ISSUES PRESENTED

**ISSUE 1:**   Should the Court enter an Order compelling Andrew Jacobs to respond fully to Plaintiffs' debtor interrogatories and requests for production?

**ANSWER:**   *Yes.*

**ISSUE 2:**   Should the Court enter an Order compelling Platinum Collision Center, LLC, to respond fully to Plaintiffs' document subpoena?

**ANSWER:**   *Yes.*

**ISSUE 3:**   Should the Court issue an Order compelling Ms. McKernan to appear for an examination so Plaintiffs can investigate her business relationship with Mr. Jacobs under oath?

**ANSWER:**   *Yes.*

IV.   EVIDENCE RELIED UPON

Plaintiffs rely on the declaration of Mark B. Melter, the exhibits contained therein, and the other pleadings and papers before this Court.

V.   ARGUMENT

A.   <u>Federal law authorizes broad postjudgment discovery pertaining to a judgment debtor's employment, assets, and finances.</u>

The scope of postjudgment discovery is broad. *See United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007) (quoting *FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995)); *Calvert v. Kooshian*, No. C12-1594RAJ, 2016 U.S. Dist. LEXIS 190468, at *3 (W.D. Wash. Mar. 28, 2016). "The purpose of the postjudgment proceedings is to discover assets that might be available to satisfy the judgment, and, following discovery, to execute on those assets." *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 868 (7th Cir. 2013) (citing *Bank of Am., N.A. v. Veluchamy*, 643 F.3d 185, 188 (7th Cir. 2011)). Accordingly, judgment creditors are afforded wide latitude in issuing post-judgment discovery and "must be given the freedom to make a broad inquiry to discovery hidden or concealed assets of the judgment debtor." *Caisson Corp. v. Cty. W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974).

Pursuant to Federal Rule of Civil Procedure 69(a)(2), "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Written interrogatories, requests for

PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 10

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

production of documents, and document subpoenas are authorized by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33, 34, 45.

In *1st Technology, LLC, v. Rational Enterprises, LTDA*, the Court recognized the broad scope of postjudgment discovery by approving of discovery into the judgment debtor's business transactions with third parties, finding them "clearly justified" and directed at discovery of documents which may lead to executable assets. No. 2:06-cv-01110-RLH-GWF, 2007 U.S. Dist. LEXIS 98051, at *13 (D. Nev. Nov. 13, 2007). Likewise, in *National Union Fire Insurance Co. v. Van Waeyenberghe*, the Court similarly endorsed the use of expansive discovery requests relating to the judgment debtor's employment, assets, and finances, including information about his wife—who was not a judgment debtor—reasoning "it should be beyond question that a judgment creditor is allowed to ask a judgment debtor for asset and financial information relating to the debtor's spouse or other family members." 148 F.R.D. 256, 257 (N.D. Ind. 1993). It is therefore beyond dispute that federal law vests Plaintiffs with significant latitude to investigate Mr. Jacobs to identify assets available to satisfy its judgment.

B. <u>Plaintiffs are entitled to full and complete responses from Mr. Jacobs to their debtor discovery requests.</u>

Plaintiffs are entitled to full and complete responses from Mr. Jacobs to their debtor interrogatories and requests for production. Unfortunately, Mr. Jacobs is refusing to answer most of the requests and has only offered to provide limited information relating to his income, assets, garnishments, and bank statements—**information he has not provided to date**. Leaving aside that Mr. Jacobs does not get to pick and choose what information he does and does not provide, the information he has offered is insufficient to afford Plaintiffs a complete and accurate understanding of his assets and financial activity.

There can be no dispute that Plaintiffs' discovery requests to Mr. Jacobs are relevant. The interrogatories are standard debtor interrogatories used in countless jurisdictions with countless judgment debtors. They are neither overreaching nor abusive. Mr. Jacobs has not identified any legal basis to object to Plaintiffs' interrogatories or any explanation as to why the information is not relevant to collecting on the judgment. All he has offered is self-serving and unsupported claims that Plaintiffs are trying to harass him.

Plaintiffs' requests for production are also relevant and highly targeted to uncover information regarding Mr. Jacobs' assets, business ventures, and relationship with Ace

PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 11

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

Autobody. For the Court's ease of reference, Plaintiffs have summarized their requests for production to Mr. Jacobs into the following document categories:

(1) Real estate holdings and residencies (Req. Nos. 1, 2, 8, 20).

(2) Personal property (Req. Nos. 4, 5, 7, 8, 16).

(3) Business ventures (Req. Nos. 3, 8, 14, 15, 21).

(4) Income materials (Req. Nos. 6, 16, 17).

(5) Pensions, stocks, insurance, financial instruments, etc. (Req. Nos. 4, 9, 13, 14, 18, 19, 20).

(6) Future interests and trusts (Req. Nos. 10, 11).

(7) Transfers (Req. Nos. 12, 16).

(8) Communications (Req. Nos. 14, 15).

(9) Powers of attorney (Req. No. 8, 22).

(10) Phone records (Req. No. 23).

The first seven categories are related to Mr. Jacobs' assets, including transfers. The remaining categories—communications, powers of attorney, and phone records—are also relevant. Plaintiffs should be allowed to review all communications between Mr. Jacobs and Ms. McKernan relating to Ace Autobody. They should be entitled to discover any powers of attorney to determine if Mr. Jacobs is silently controlling the assets of undisclosed business entities (which he appears to be doing). And they should be allowed to investigate Mr. Jacobs' phone records to look for other contacts and communications that may lead to recoverable assets.

It cannot be understated that Plaintiffs' judgment against Mr. Jacobs was obtained in connection with a racketeering conspiracy and scheme to defraud Plaintiffs **that was engineered by Mr. Jacobs**. As part and parcel of that scheme, Mr. Jacobs created separate legal entities, such as Direct Marketing Solutions, LLC, to hide payments to himself from two medical clinics and one law firm in which he held illegal ownership interests. Mr. Jacobs is obviously capable of creating shell companies and schemes through which he can conceal payments to himself. He has a history of doing so. Plaintiffs thus have ample reason to explore his financial background <u>and</u> to verify his responses using thorough document requests.

PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 12

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

C. <u>Federal law authorizes discovery from nonparties if the evidence is sufficient to raise a reasonable doubt as to a fraudulent transfer.</u>

Rule 69(a) of the Federal Rules of Civil Procedure unambiguously provides that a judgment creditor "may obtain discovery from <u>any person</u>, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Fed. R. Civ. P. 69(a) (emphasis added). *Fid. Nat'l Fin., Inc. v. Friedman*, No. CIV 03-1222 PHX RCB, 2007 U.S. Dist. LEXIS 9189, at *7 (D. Ariz. Feb. 6, 2007).

Under federal common law, the judgment creditor must show either (1) "the necessity and relevance of [the] discovery sought" or (2) that "the relationship between the judgment debtor and the nonparty is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets." *NML Capital LTD. v. Republic of Arg.*, No. 2:14-cv-492-RFB-VCF, 2014 U.S. Dist. LEXIS 110625, at *13 (D. Nev. Aug. 11, 2014) (quoting Wright & Miller, *supra*, § 3014, p. 162 (citing *Tr. of N. Florida Operating Eng'g Health & Welfare Fund v. Lane Crane Serv., Inc.*, 148 F.R.D. 662, 664 (M.D. Fla. 1993)).

A judgment creditor's need to examine a nonparty's financial records outweighs the nonparty's privacy interest where there are reasonable doubts as to the good faith of the transfer of assets between the nonparty and the judgment debtor. *GenX Processors Mauritius Ltd. v. Jackson*, No. 2:14-cv-01938-APG-PAL, 2018 U.S. Dist. LEXIS 187957, at *22-23 (D. Nev. Nov. 2, 2018); *see* Dkt. # 5. The judgment creditor need not prove fraud between the debtor and the third party, but must only produce evidence sufficient "to raise a reasonable doubt about the bona fides of [any] transfer of assets between them." *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998).

D. <u>Plaintiffs have produced evidence raising a reasonable doubt as to the bonafides of Mr. Jacobs' relationship with Ace Autobody and transfers between them.</u>

Plaintiffs have put substantial evidence before the Court that raises a reasonable doubt as to the bonafides of Mr. Jacobs' relationship with Ace Autobody. In fact, Plaintiffs have created a reasonable doubt that Ms. McKernan's purported ownership of Ace Autobody is merely a front for Mr. Jacobs, the real owner.

Plaintiffs have produced substantial evidence and reasonable suspicion that there is an improper relationship between Mr. Jacobs and Ace Autobody. Such evidence includes as

PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 13

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

follows: that Ms. McKernan's signature on the Certificate of Formation is forged; that Ms. McKernan provided a nonexistent address on Ace Autobody's LLC formation documents; that Ms. McKernan has no background in the auto body industry; that, despite being the sole member of Ace Autobody, Ms. McKernan did not disclose her affiliation with the company until Plaintiffs initiated this action; that Ms. McKernan represented to the public that she was not the owner of Ace Autobody by submitting a customer review on Yelp!; that, despite being the owner of Ace Autobody, Ms. McKernan has never claimed any income or expenses relating to the company on her tax returns; that Ace Autobody wrongly denied that Mr. Jacobs had authority to sign checks on its behalf when, in truth and in fact, he had such authority and had endorsed checks; that Ace Autobody wrongly denied that there were any powers of attorney pertaining to Mr. Jacobs when, in truth and in fact, he had such powers and he was exercising them; and that Mr. Jacobs is holding himself out to members of the public as the owner of Ace Autobody.

It is further the case that Plaintiffs document requests to Ace Autobody are relevant to Mr. Jacobs' potential status as a silent owner of the company and whether he has received unreported income from Ace Autobody. Plaintiffs' counsel discussed the document subpoena with then-Ace Autobody attorney Peter Kesling on February 21, 2019, who conceded that Plaintiffs' document requests were relevant across the board. At the conclusion of that conversation, Mr. Kesling's objections were only that Ace Autobody would be producing potentially private information—an issue that Plaintiffs unsuccessfully attempted to resolve through the use of a protective order.

To the extent Ace Autobody argues Plaintiffs' requests are overbroad, the argument must be rejected. The matters under investigation are whether Ace Autobody has disbursed company profits or revenue to Mr. Jacobs, either directly or indirectly, and whether Ace Autobody is an alter ego of Mr. Jacobs. Plaintiffs' requests for documents pertaining to Mr. Jacobs, including any communications with him[2] and transfers to him, are germane to those inquiries. Plaintiffs' requests for tax information (No. 6), payroll information (No. 17), banking

---

[2] Plaintiffs further ask that the Court clarify that Ace Autobody's duty to produce communications relating to Andrew Jacobs includes any written communications between her former attorneys at Jacobs & Jacobs and Mr. Jacobs. The attorney-client privilege only extends to confidential communications between the attorney and the client. Communications from Ms. McKernan or her attorneys involving Mr. Jacobs or other third parties are not privileged.

PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 14

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

statements (No. 12), and business documents reflecting revenue and disbursements of the same (Nos. 17, 18, 20) are also appropriate and necessary because they are the only way Plaintiffs can verify that Ace Autobody's revenues are properly accounted for and that Mr. Jacobs does not have other avenues of receiving money from Ace Autobody. Even Mr. Kesling acknowledged this "made sense" during the parties' telephone call on February 21, 2019. By contrast, incomplete snapshots of money paid directly to Mr. Jacobs leaves open the possibility that Mr. Jacobs has received money indirectly, or through other sources, as he did in the *Tacoma Therapy* litigation.

In sum, the Court should compel Ace Autobody to fully respond to Plaintiffs' well-grounded document requests. Plaintiffs have articulated specific facts creating a reasonable suspicion as to an alter ego relationship between the parties or a fraudulent transfer. The information requested by Plaintiffs is necessary to verify the relationship between Mr. Jacobs and Ace Autobody, including any income that Plaintiffs may garnish, and there are no other means to obtain this information. *NML Capital LTD.*, 2014 U.S. Dist. LEXIS 110625 at *13.

E.   The Court should Order an examination of Ms. McKernan.

Given the evidence of impropriety between Mr. Jacobs and Ace Autobody, the Court should also enter an Order requiring Ms. McKernan to appear for an examination before this Court. Such an examination would be authorized under Rules 69 and 45. *Id.* Plaintiffs need to explore Ms. McKernan's role in Ace Autobody, her decision to not file taxes or claim income or expenses relating to the company, the source of start-up capital for the company, the scope of any "silent" partners or business arrangements, any non-written communications between her/Ace Autobody and Mr. Jacobs, and any communications between her law firm and Mr. Jacobs—to name a few subjects. Put simply: Plaintiffs need to explore with Ms. McKernan whether Ace Autobody is, in truth and in fact, an alter ego of Mr. Jacobs.

F.   Time is of the essence.

Finally, Plaintiffs note that time is of the essence. Mr. Jacobs' examination has already been delayed once due to noncompliance with Plaintiffs' discovery requests. Plaintiffs respectfully request that the Court compel Mr. Jacobs and Ace Autobody to produce the information sought at least twenty days before their respective examinations before this Court.

//

PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 15

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

## VI. CONCLUSION

The Court should enter an Order compelling Mr. Jacobs and Ace Autobody to fully respond to Plaintiffs' postjudgment discovery. The Court should also enter an Order compelling Ms. McKernan to appear for an examination. Plaintiffs have produced ample evidence of impropriety between Mr. Jacobs and Ace Autobody justifying third-party discovery of Ace Autobody and Ms. McKernan, and there are no other means for Plaintiffs to obtain the information sought.

DATED THIS 14TH DAY OF MARCH, 2019.

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC

By: */s Mark B. Melter*
Eron Z. Cannon, #42706
Mark B. Melter, #46262
Fain Anderson VanDerhoef, Rosendahl O'Halloran Spillane, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
eron@favros.com
mark@favros.com
Ph: 206.749.0094
Fx: 206.749.0194
Attorney for Plaintiffs

PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 16

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194