UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>TACOMA THERAPY, INC., TACOMA REHABILITATION THERAPY, INC., P.S., ANDREW JACOBS, MELANIE JACOBS, NANDY, INC., NATHAN LEMINGS AND JANE DOE LEMINGS, husband and wife, and the marital property thereof, THE LAW OFFICE OF MCLAUGHLIN & ASSOCIATES, INC., WESLEY MCLAUGHLIN AND JANE DOE MCLAUGHLIN, husband and wife, and the marital property thereof, DIRECT SOLUTIONS MARKETING, INC., DOES 1-100 and ROES 101-200,<br><br>Defendants. | Case No.  3:18-mc-05022-RBL-TLF<br><br>**ORDER ON PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN** |

The Court has considered the following:

1. Plaintiffs' Motion to Compel Postjudgment Discovery and for an Order Authorizing Examination of Tausha McKernan;

  2.  The pleadings on record;

  3.  The Declaration of Mark Melter in support of Plaintiffs' Motion to Compel Postjudgment Discovery and for an Order Authorizing Examination of Tausha McKernan with exhibits thereto;

  4.  The Response from Andrew Jacobs;

  5.  The Response from objector Tausha McKernan; and

  6.  Plaintiffs' Surreply.

  Postjudgment discovery is broad in scope, though still focused on enforcing the underlying judgment. *See United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007); *Danning v. Lavine*, 572 F.2d 1386, 1390 (9th Cir. 1978). "The purpose of the postjudgment proceedings is to discover assets that might be available to satisfy the judgment, and, following discovery, to execute on those assets." *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 868 (7th Cir. 2013).

  Thus, under Federal Rule of Civil Procedure 69(a)(2), a judgment creditor "may obtain discovery from *any person*—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Rules 33 and 34 authorize written interrogatories and requests for production of documents. Rule 45 authorizes subpoenas for nonparty witnesses to appear at hearings.

  Mr. Jacobs and Ms. McKernan's responses to plaintiffs' motion to compel do not identify any grounds for failing to comply with the relevant and reasonable discovery requests to Mr. Jacobs and the subpoena to Ms. McKernan. Declaration of Andrew Jacobs, Dkt. 13; Declaration of Tausha McKernan, Dkt. 15. Plaintiffs have not requested, as Mr. Jacobs contends, "all emails and text messages." Jacobs Decl., Dkt. 13. While the scope of plaintiffs' requests is broad, those requests are all relevant to discovering assets that may be available to satisfy the judgment. *See* Declaration of Mark Melter, Dkt. 11, Exhibits 7, 9; *JPMorgan Chase*, 707 F.3d at 868.

  Moreover, the Court disagrees with Ms. McKernan's objection that—having in her view proven she is the sole owner of Platinum Collision Center, LLC—she should not be required to produce any information other what she pays Mr. Jacobs. *See* McKernan Decl., Dkt. 15. Plaintiffs have presented evidence sufficient "to raise a reasonable doubt about the bona fides of [any] transfer of assets between" Mr. Jacobs and Ms. McKernan. *See Credit*

ORDER ON MOTION TO COMPEL - 2

*Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998); Melter Decl., Dkt. 11, ¶¶ 23-40.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

(1)  Andrew Jacobs shall provide complete responses to Plaintiffs' Postjudgment Interrogatories and Requests for Production by April 10, 2019.

(2)  Platinum Collision Center, LLC, d/b/a Ace Autobody & Collision (Ace Autobody) shall provide complete responses to Plaintiffs' Document Subpoena by April 10, 2019. Such responses shall specifically include communications between Mr. Jacobs and Tausha McKernan and/or Ace Autobody pertaining to Plaintiffs' discovery requests, including but not limited communications between Mr. Jacobs and Ace Autobody's counsel, Jacobs & Jacobs.

(3)  Tausha McKernan shall appear for an examination at this Court at **10:00 a.m. on April 17, 2019**.

(4)  Plaintiffs shall serve a copy of this Order on Tausha McKernan.

### NOTICE TO PARTIES

**FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO CONTEMPT OF COURT AND FAILURE TO COMPLY MAY RESULT IN AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEYS' FEES INCURRED BY PLAINTIFFS IN THIS ACTION.**

Dated this 1st day of April, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER ON MOTION TO COMPEL - 3