THE HONORABLE RONALD B. LEIGHTON
THE HONORABLE THERESA L. FRICKE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br>v.<br>TACOMA THERAPY, INC., TACOMA REHABILITATION THERAPY, INC., P.S., ANDREW JACOBS, MELANIE JACOBS, NANDY, INC., NATHAN LEMINGS and JANE DOE LEMINGS, husband and wife, and the marital property thereof, THE LAW OFFICE OF MCLAUGHLIN & ASSOCIATES, INC., WESLEY MCLAUGHLIN and JANE DOE MCLAUGHLIN, husband and wife, and the marital property thereof, DIRECTION SOLUTIONS MARKETING. INC., DOES 1-100, and ROES 101-200.<br>Defendants. | NO. 3:18-mc-05022 RBL-TLF<br><br>PLATINUM COLLISION CENTER LLC AND TAUSHA MCKERNAN'S FRCP 72(a) OBJECTIONS TO MAGISTRATE FRICKE'S APRIL 1, 2019 ORDER ON PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA MCKERNAN<br><br>**NOTED FOR HEARING: APRIL 26, 2019**<br>**ORAL ARGUMENT REQUESTED** |

I.   **RELIEF REQUESTED**

COMES NOW Platinum Collision Center, LLC and its sole member, Tausha McKernan, (collectively referred to throughout as "Platinum"),[1] by and through their attorneys of record, Stuart C. Morgan and Grady R. Heins of Ledger Square Law, P.S., and hereby respectfully submit these

---

[1] Platinum's d/b/a/ is Ace Autobody and Collision which is often referred to in pleadings by Allstate as "Ace."

PLATINUM AND McKERNAN'S FRCP 72(a) OBJECTIONS TO
MAGISTRATE FRICKE'S APRIL 1, 2019 ORDER - 1
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

objections to Magistrate Fricke's April 1, 2019 *Order on Plaintiffs' Motion to Compel Postjudgment Discovery and for an Order Authorizing Examination of Tausha McKernan* (hereinafter "Magistrate Fricke's April 1, 2019 Order") pursuant to Fed. R. Civ. P. 72(a).[2]

Platinum further respectfully requests that the District Court modify and/or set aside Magistrate Fricke's April 1, 2019 Order pursuant to Fed. R. Civ. P. 72(a) as follows:

1. That the District Court retain jurisdiction of this phase of the case;

2. That the District Court hold that Platinum may bring a motion for protective order regarding the subpoena Plaintiffs issued to Platinum for the following reasons:

   (a) The subpoena is unduly burdensome because it contains no time limitation as to the scope and expanse of the documents requested, seemingly requiring, for example, every email and text message ever exchanged between cousins Andrew Jacobs and Tausha McKernan;

   (b) Although Magistrate Fricke's January 10, 2019 Order authorized Plaintiffs to conduct third party discovery to Platinum, Plaintiffs' subpoena contained a much larger definition of the term "YOU" to include not just Platinum, but its employees, attorneys, agents, consultants, representatives, and "anyone else acting or who has acted for or on its behalf" as those who must produce documents;

   (c) The subpoena is over burdensome because it requires hundreds of hours of work as Platinum would have to first obtain the records and then sift through the same to determine the following responsive documents. For example, in order to produce all checks which Mr. Jacobs may have initialed pursuant to limited powers of attorney provided by Platinum's clients to Platinum, Platinum would need to see every check ever deposited in order to make that determination. Additionally, Platinum would have to review every financial transaction in its transaction history in order to determine: (a) the number of transactions over $500 and; (b) then determine whether or not the transaction was made to Mr. Jacobs. This is in spite of the fact that

---

[2] Dkt. 19.

PLATINUM AND McKERNAN'S FRCP 72(a) OBJECTIONS TO
MAGISTRATE FRICKE'S APRIL 1, 2019 ORDER - 2
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

between the time Plaintiffs obtained judgment against Mr. Jacobs and the time of his termination by Platinum, Plaintiffs *never* issued a writ of garnishment to Platinum for funds owed to Mr. Jacobs;

(d) The records demanded would require Platinum to obtain all documents regarding any phone owned by Platinum, any phone owned by one of its employees, any phoned owned by any of its attorneys, agents, consultants, representatives, and anyone else acting or who has acted for or on its behalf and then from those phones retrieve all "monthly statements, call logs and message logs." An undertaking like that would require months and months and would obviously incorporate objections by the individuals noted to the information. Platinum was given less than 10 days by Magistrate Fricke's April 1, 2019 Order; and

(e) The subpoena demands documents that contain sensitive and confidential information regarding Platinum's employees and Platinum's finances. Given that Allstate currently does business with Platinum by negotiating the costs of repairs of vehicles to be paid by Allstate, Allstate could use Platinum's sensitive and confidential financial information to Platinum's disadvantage. Said documents could also force Platinum to divulge information about its own clients and their insurers which Allstate could use to its competitive advantage with no protections for Platinum or the other insurers.

3. That the District Court appoint a Discovery Master at Plaintiffs' cost to handle the third party discovery issues. At no time during Mr. Jacobs' employ did Platinum ever issue a writ of garnishment to Platinum and the records of Platinum show that only Tausha McKernan has ever been the only member of Platinum.

4. That the District Court enter an order barring the deposition of Tausha McKernan until such time as Plaintiffs properly issue a subpoena for Ms. McKernan's deposition that also gives Ms. McKernan the ability to raise her objections regarding the same. Although authorized by Magistrate Fricke to issue discovery, Plaintiffs never issued a subpoena for an oral deposition to Ms. McKernan, depriving the Court of jurisdiction over her. In the alternative, if the Court upholds

PLATINUM AND McKERNAN'S FRCP 72(a) OBJECTIONS TO
MAGISTRATE FRICKE'S APRIL 1, 2019 ORDER - 3
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

Magistrate Fricke's April 1, 2019 Order requiring the deposition of Ms. McKernan, that said deposition take place at a date and time in May 2019 and in the conference room of counsel for Platinum.

5. That if the Court does not enter an Order authorizing Platinum to bring a Motion for Protective Order regarding Plaintiffs' subpoena, that the Court change Magistrate Fricke's April 1, 2019 Order to set a new deadline for compliance with the subpoena to a date approximately 90 days out from the date of these objections and that the Court set such date as a review date in case Platinum is unable to assemble all the documents ordered by the Court in that 90 days.

## II. STATEMENT OF APPLICABLE FACTS

Counsel for Platinum appeared in this matter on April 4, 2019.[3]

### A. Platinum Incorporates

On approximately March 3, 2016, Platinum filed its Certificate of Formation of Platinum Collision Center, LLC d/b/a Ace Autobody & Collision Center.[4] Platinum was formed as a limited liability company pursuant to chapter 23.15 RCW which authorizes the formation of limited liability companies. Ms. McKernan is the only Member of Platinum.[5] The only way to acquire a limited liability company interest is to be admitted as a member of the limited liability company.[6] No one other than Ms. McKernan has ever been admitted as a member of Platinum.[7] Platinum has filed all appropriate reports with the State of Washington to maintain its status as a limited liability company.

### B. The underlying proceedings

Platinum does not dispute that at some point Plaintiffs obtained a judgment against Mr. Jacobs. However, on April 3, 2019, Platinum terminated the employment of Mr. Jacobs. *Decl. of S. Morgan in Support of Platinum's Objections*, **Exhibit A** (counsel's letter countersigned by

---

[3] Dkt. 20, 22.
[4] Dkt. 11-14.
[5] RCW 23.15.006(10) defines the term "member" as, "a person who has been admitted to a limited liability company as a member as provided in RCW 25.15.116 and who has not been disassociated from the limited liability company."
[6] RCW 25.15.116(1).
[7] Dkt. 15.

PLATINUM AND McKERNAN'S FRCP 72(a) OBJECTIONS TO
MAGISTRATE FRICKE'S APRIL 1, 2019 ORDER - 4
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

Mr. Jacobs). At no time between the entry of Plaintiffs' judgment against Mr. Jacobs and Mr. Jacobs' termination on April 3, 2019, did Plaintiffs ever issue a writ of garnishment to Platinum seeking to collect on its judgment against Mr. Jacobs. No court ever issued a temporary restraining order or preliminary or permanent injunction against Platinum from compensating Mr. Jacobs for services rendered to Platinum by him. In March 2019, Ms. McKernan, the admitted sole member of Platinum filed a Declaration with the Court stating, in relevant part, "[i]f Allstate Insurance would like to garnish his [Mr. Jacobs'] pay, then I would accept garnishment paperwork as well."[8] Even after blatantly offering Allstate the suggestion of a writ of garnishment, Allstate did nothing to pursue the same.

Instead, Allstate, a sophisticated litigant, armed with unlimited resources to pursue Mr. Jacobs proceeded on a theory unsupported by any case law or statute that Mr. Jacobs is the owner of Platinum. Plaintiffs then embarked on a mission to force evidence to support its theories; theories that are unsupported by any citation to court rule, statute, or case law.

C. **Without notice to Platinum, Plaintiffs obtained an Order authorizing them to issue a subpoena and forcing Platinum to answer the subpoena. Said Order was ultimately vacated by the District Court.**

In October 29, 2018, Plaintiffs filed their Motion for FRCP 69 Postjudgment Discovery.[9] It was noted for hearing the same day it was filed and sought authorization for Plaintiffs to issue a subpoena for documents to Platinum and an order requiring Platinum to provide documents responsive to that subpoena.[10] Plaintiffs' counsel submitted an October 19, 2018 declaration wherein he testified, under penalty of perjury, that Mr. Jacobs "is *believed* to . . . *own, operate, control* . . . Platinum Collision Center [.]"[11] No facts or documents set forth in the Declaration

---

[8] Dkt. 15.
[9] Dkt. 1.
[10] *Id.*
[11] Dkt. 2.

PLATINUM AND McKERNAN'S FRCP 72(a) OBJECTIONS TO
MAGISTRATE FRICKE'S APRIL 1, 2019 ORDER - 5
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

supporting that testimony. No testimony was set forth as to <u>who</u> believed Mr. Jacobs owned or controlled Platinum or why said person believed that.[12]

Plaintiffs' counsel has further testified in this matter that prior to "preparing to issue the judgment debtor discovery in this matter, my office has performed a number of investigatory functions related to Mr. Jacobs, Ms. McKernan and Ace Autobody."[13]

However, as part of its motion practice, Plaintiffs did not disclose to the Court that the Secretary of State of Washington's website shows that Platinum is a single member LLC and that Mr. Jacobs is not listed as a member of the LLC or a governor of the LLC in any fashion.

On November 5, 2018, the Court entered an Order on Plaintiffs' Motion. As applied to Platinum, the Order provided, "Platinum Collision Center, LLC d/b/a Ace Auto Body Collision, will provide documents in response to the Subpoena to Produce Documents described in Exhibit E to the Declaration of Mark Melter within 21 days of service."[14] The no-notice motion and Order eliminated any opportunity for Platinum to preserve any of its objections or rights against the subpoena.

The Court file then indicates that, regardless, Platinum made attempts to exercise objections to the subpoena on or about December 31, 2018.[15]

On January 7, 2019, unbeknownst to Platinum, the District Court entered an Order in Case No. 18-5022 which <u>vacated</u> Magistrate Fricke's November 5, 2018 Order.[16] The District Court's January 7, 2019 Order also held that "<u>any</u> order Judge Fricke enters on it will be subject to review under Fed. R. Civ. P. 72."[17]

---

[12] Whether or not Mr. Jacobs "operated" Platinum is irrelevant. The undisputed facts show that Mr. Jacobs was employed by Platinum as an independent contractor and has been terminated. Plaintiffs never defined what they meant by "operated" or "controlled."
[13] Dkt. 11.
[14] Dkt. 3.
[15] Dkt. 11-5 (see language set forth in subpoena regarding Fed. R. Civ. P. 45(d)(2)(B)).
[16] Dkt. 4.
[17] *Id.* (emphasis added).

PLATINUM AND McKERNAN'S FRCP 72(a) OBJECTIONS TO
MAGISTRATE FRICKE'S APRIL 1, 2019 ORDER - 6
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

Three days later though, on January 10, 2019, again with no notice to Platinum, Magistrate Fricke entered another Order.[18]

Magistrate Fricke's January 10, 2019 Order stated in paragraph 1, "The discovery contemplated by FRCP 69(a) is a distinct phase of litigation, *focused narrowly* on enforcing the judgment by supplemental proceedings."[19] As it related to Platinum, Magistrate Fricke's order holds, "The Court grants plaintiffs' motion to conduct third party discovery concerning PLATINUM COLLISION CENTER, LLC, and d/b/a ACE AUTOBODY & COLLISION."[20] However, Magistrate Fricke's Order states nothing about authorizing the subpoena that Plaintiffs asked for permission to issue and it states nothing about automatically requiring Platinum to provide documents in response to that subpoena. Magistrate Fricke's January 10, 2019 Order refers to an "exception" to the concept that "generally, a judgment creditor is allowed to inquire about the third party's knowledge concerning assets of the judgment debtor – but is not allowed to inquiry into the finances of the third party."[21] However, Magistrate Fricke's January 10, 2019 Order does not state or otherwise hold that said exception actually applies to the third party discovery sought by Plaintiffs from Platinum. There is nothing about Plaintiffs' subpoena that is "focused narrowly on enforcing the judgment by supplemental proceedings."

Paragraph Four (4) of Magistrate Fricke's January 10, 2019 Order states, in relevant part, "[t]he parties shall follow the Federal Rules of Civil Procedure and the Western District of Washington Local Civil Rules regarding discovery, motion practice and other aspects of this matter."[22] The Court's file does not reflect that Plaintiffs ever issued a subpoena for an oral deposition to Platinum or Ms. McKernan.

---

[18] Dkt. 5.
[19] Dkt. 5 (citing *Danning v. Lavine*, 572 F.2d 1386, 1390-91 (9th Cir. 1978) (emphasis added).
[20] Dkt. 5.
[21] Dkt 5.
[22] Dkt 5.

PLATINUM AND McKERNAN'S FRCP 72(a) OBJECTIONS TO
MAGISTRATE FRICKE'S APRIL 1, 2019 ORDER - 7
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

Apparently, on Tuesday, February 20, 2019, counsel for Plaintiffs and previous counsel for Platinum (Mr. Kessling) had a discussion about Plaintiffs' subpoena.[23] On Thursday February 21, 2019, counsel for Plaintiffs wrote an email to previous counsel for Platinum addressing their conversation.[24] The February 21, 2019 email from counsel for Plaintiffs mentions nothing about an oral deposition of Ms. McKernan.

The Court file does not reflect any sort of response from Mr. Kessling confirming that counsel for Plaintiffs' recitation of the conversation was correct. However, on February 22, 2019, Mr. Kessling wrote to counsel for Plaintiffs providing Platinum's renewed objections to Plaintiffs' subpoena, providing a pleading entitled Answer to Subpoena for Documents to Platinum Collision Center, LLC dba Ace Autobody & Collision which contained further objections and citations to authority for the same. Mr. Kessling further advised that he no longer represented Platinum as of February 22, 2019.[25]

Platinum further identified a speaking agent for the corporation as to the items requested in the subpoena.[26] Platinum's written responses to the subpoena requests and the documents produced therewith show as follows:

1. Andrew Jacobs has never been a member of Platinum;
2. Platinum is a single member LLC with Ms. McKernan as the only member; and
3. There are no silent owners or partners in Platinum.
4. There are no documents related to any joint ventures, partnerships, corporations, limited liability partnerships, or any other business entity other than a limited liability company.
5. Platinum had not yet filed any corporate tax returns.
6. Andrew Jacobs is not a signor on Platinum's bank account with Heritage Bank.
7. Andrew Jacobs was issued a form 1099-MISC for 2018.

---

[23] Dkt. 11-11.
[24] Id.
[25] Dkt. 11.14.
[26] Id.

PLATINUM AND McKERNAN'S FRCP 72(a) OBJECTIONS TO
MAGISTRATE FRICKE'S APRIL 1, 2019 ORDER - 8
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

On March 14, 2019, Plaintiffs filed a Motion to Compel Platinum to provide documents in response to the subpoena Plaintiffs issued and to "request an order authorizing an examination of Tausha McKernan, the sole member/owner of Ace Autobody."[27] Plaintiffs' Motion states that Plaintiffs' counsel conferred with Platinum pursuant to Civil Rule 26 in an effort to resolve discovery disputes, but nothing in the record indicates that there was ever a discussion regarding Ms. McKernan's oral deposition or an oral deposition of a representative of Platinum.

With respect to the deposition of Ms. McKernan, Plaintiffs Motion to Compel framed the issue: "Should the Court issue an Order compelling Ms. McKernan to appear for an examination so that Plaintiffs can investigate her business relationship with Mr. Jacobs under oath?"[28] As it applied to the oral deposition of Ms. McKernan, Plaintiffs further argued, "the Court should also enter an Order requiring Ms. McKernan to appear for an examination before this Court. Such an examination would be authorized under Rules 69 and 45."[29] While Plaintiffs had obtained an Order authorizing third party discovery under the Federal Rules pursuant to Rule 69, Plaintiffs had never issued a subpoena to Ms. McKernan pursuant to Rule 45 for an oral deposition. This deprived Ms. McKernan of the ability to have the required time to object to such a subpoena and/or bring a motion for protective order regarding the same.

Plaintiffs were aware that Platinum had no lawyer and Plaintiffs' Motion to Compel was noted for hearing on March 29, 2019.[30]

Plaintiffs' Motion to Compel went on to argue that Plaintiffs have "put substantial evidence before the Court that raises a reasonable doubt as to the bonafides of Mr. Jacobs' relationship with Ace Autobody. In fact, Plaintiffs have created a reasonable doubt that Ms. McKernan's purported ownership of Ace Autobody is merely a front for Mr. Jacobs, the real owner."[31] Plaintiffs further

---

[27] Dkt. 10.
[28] Dkt, 10 (emphasis added).
[29] Dkt 10 (emphasis added).
[30] Dkt. 10.
[31] Dkt. 10.

PLATINUM AND McKERNAN'S FRCP 72(a) OBJECTIONS TO
MAGISTRATE FRICKE'S APRIL 1, 2019 ORDER - 9
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

argued that there is a "reasonable suspicion that there is an improper relationship between Mr. Jacobs and Ace Autobody."

On March 27, 2019, Ms. McKernan filed a pro se Declaration in Reply to Plaintiffs' Motion to Compel attempting to state her position regarding the Motion to Compel. She is obviously not an attorney, but her Declaration did state, in relevant part:

1. She is the sole member of Platinum.

2. Her cousin Mr. Jacobs was employed as a marketing and sales manager.

3. She does not understand why she needs to provide trade secret information or personal, private, and confidential information to Allstate, including personal information about her employees, family relationships, and communications with her family.

4. She provided a letter from Platinum's banker stating that she is the sole signatory on Platinum's bank account.

5. If Plaintiffs desired to garnish Mr. Jacobs' wages, she would "accept garnishment paperwork as well."

6. She thought she would be unable to produce all the information that Allstate is asking for.

7. That she be allowed to appoint a speaking agent, Mr. Saghdejian, for Platinum.

One of the issues focused on by Plaintiffs' in the Motion to Compel and in the Declaration in Support of the Motion to Compel, was Plaintiffs claim that "[p]laintiffs should be entitled to discover any powers of attorney to determine if Mr. Jacobs is silently controlling the assets of undisclosed business entities (which he appears to be doing)."[32] This assertion was formed based on Allstate's submission of redacted copies of three checks issued by Allstate to Platinum and other second parties whom Allstate redacted from the copies of the checks submitted. Had Allstate not redacted the other payees on the checks, Platinum would have had the ability to demonstrate to the

---

[32] Dkt 10.

PLATINUM AND McKERNAN'S FRCP 72(a) OBJECTIONS TO
MAGISTRATE FRICKE'S APRIL 1, 2019 ORDER - 10
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

Court that this is an absolutely false assertion by Allstate. Allstate used the redacted payees to create the illusion that the same were "undisclosed business entities." Allstate's allegations could not be further from the truth.

Upon review of the redacted checks and the "poa" designation on the back of the redacted checks, new counsel for Platinum quickly surmised that the situation was nothing like what Allstate was portraying. New counsel for Platinum quickly determined that Platinum operates like many other collision repair facilities that are paid by insurance companies. When the customer comes in, they sign a work order with Platinum that allows Platinum to deposit payment from the insurance company if the insurance company makes the check out to both Platinum and the customer (which insurers often do). Had Allstate disclosed the names redacted on the checks, Platinum could have easily matched the check to a customer name and pointed searched for the limited power of attorney signed by Platinum's customer authorizing the same. Counsel for Platinum pointed this out to counsel for Allstate in written correspondence. *Morgan Declaration*, **Exhibit B**. Additionally, Platinum has recovered what it believes to be associated limited powers of attorney from its customers for two out of the three redacted checks submitted by Allstate in support of the Motion to Compel. *Morgan Declaration*, **Exhibit C**. The "power of attorney" is not some power of attorney issued by Platinum to Mr. Jacobs to "silently control" Platinum and Allstate's redaction of the checks was done for no purpose other than to create the illusion of these "undisclosed business entities" to fool the Court.[33]

Plaintiffs argued that the "poa" on the reverse of their redacted checks "indicates that Ace Autobody's statement that there are now power of attorney documents is false and that Mr. Jacobs is exercising such power. And it indicates that Ace Autobody may have more than one bank or

---

[33] There is no other explanation for the use of the redaction in conjunction with the reference to "undisclosed business entities." The only other possible explanation is that Allstate believes the identities of the second payees on the checks is sensitive information which should not be disclosed to the court or to Platinum. If that is the case, then it supports Platinum's theory of the confidential nature of the information now sought by Plaintiffs.

PLATINUM AND McKERNAN'S FRCP 72(a) OBJECTIONS TO
MAGISTRATE FRICKE'S APRIL 1, 2019 ORDER - 11
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

financial account to deposit company revenues, funds and assets."[34] There is nothing indicating that Platinum has more than one bank account and, even if it does, doing so is not a crime nor does it lead to the conclusion that Mr. Jacobs somehow is a member of Platinum.

Another basis for Plaintiffs' Motion to Compel was its assertions regarding the address of Ms. McKernan listed on Platinum's filings with the Secretary of State.[35] As it turns out, the address listed is a typographical error. The address listed on the documents is 5707 63rd Avenue West, University Place, Washington. Plaintiffs are correct – that is an incorrect address. Ms. McKernan actually resided at 570_4_ 63rd Avenue West, University Place, Washington. There is nothing nefarious about typos.

On April 1, 2019, the Court entered an Order on Plaintiffs' Motion to Compel.[36] With respect to Platinum, the Court's order stated, in relevant part, that "Ms. McKernan's responses to plaintiffs' motion to compel do not identify any grounds for failing to comply with the relevant and reasonable discovery requests . . . and the subpoena to Ms. McKernan."[37] That was incorrect. Ms. McKernan's objections to the subpoena requests were decently stated in the answers provided by Mr. Kessling. It appears that Magistrate Fricke was only focused on Ms. McKernan's pro se declaration.

Magistrate Fricke further held, "Plaintiffs have presented evidence sufficient 'to raise a reasonable doubt about the bona fides of [any] transfer of assets between' Mr. Jacobs and Ms. McKernan."[38] The Court's order required Platinum to provide responses to Plaintiffs' document subpoena by April 10, 2019, and further required Ms. McKernan to appear for an examination on

---

[34] Dkt. 10.
[35] Dkt 10 at page 14.
[36] Dkt. 19.
[37] *Id.* Notably, the only grant of authority by Magistrate Fricke was to allow Plaintiffs to conduct third party discovery to Platinum. There was no grant of authority to allow third party discovery directly to Ms. McKernan. However, instead of directing its subpoena to Platinum only, Plaintiffs overreached and included a very broad definition of the term "YOU" in the subpoena which included not just Platinum, but all of Platinum's employees, attorneys, agents, consultants, representatives, and anyone else acting or who has acted for or on its behalf.
[38] *Id.* (citing *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998)).
PLATINUM AND McKERNAN'S FRCP 72(a) OBJECTIONS TO
MAGISTRATE FRICKE'S APRIL 1, 2019 ORDER - 12
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

April 17, 2019.[39]  There is no indication in the Court's file as to whether Platinum or Ms. McKernan was ever served with the April 1, 2019 Order or the method of service.  Platinum disagrees that Plaintiffs presented any such evidence when, in the very short time that counsel for Platinum has been on board, Platinum has devastated the main theory of Plaintiffs. Platinum anticipates that given a reasonable amount of time to put the remainder of Allstate's theories to appropriate testing, they too will be debunked.

Platinum makes its objections to Magistrate Fricke's April 1, 2019 Order above and requests that the District Court consider those objections and modify the April 1, 2019 Order and set it aside as set forth on pages 1-2 of these objections.

### III.   EVIDENCE RELIED UPON

Platinum relies on the records and files herein and the Declaration of Stuart C. Morgan in support of this Motion and the exhibits attached thereto.

### IV.   ADDITIONAL ARGUMENT

The district court judge who assigned the case retains ultimate authority over the case and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.[40]  Even if no objections are filed, the District Court has the authority to rehear or reconsider the matter *sua sponte*.[41]  If the District Court is not inclined to grant Platinum's objections herein, Platinum should be at least afforded the opportunity now that it is not acting pro se to have a full hearing on the merits of Plaintiffs' Motion to Compel so as much evidence as possible may be heard by the Court.

Allstate never issued a writ of garnishment, a writ of attachment, or a writ of execution to Platinum to enforce its judgment against Mr. Jacobs.  Platinum terminated Mr. Jacobs on April 3, 2019. Platinum no longer employs Mr. Jacobs (yet the business still manages to operate). Platinum

---

[39] *Id.*
[40] *Moore v. Ford Motor Co.*, 755 F.3d 802 (5th Cir. 2014).
[41] Baker-Mckee Janssen Corr, *Federal Civil Rules Handbook* at 1330 (2017).

PLATINUM AND McKERNAN'S FRCP 72(a) OBJECTIONS TO
MAGISTRATE FRICKE'S APRIL 1, 2019 ORDER - 13
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

does not have any property of Mr. Jacobs in its possession. Platinum is not indebted to nor would it become indebted to Mr. Jacobs at any time.

Plaintiffs' main theory that Mr. Jacobs is a "silent owner" is belied by the corporate documents which name only Ms. McKernan as the sole member. There is nothing nefarious about Ms. McKernan employing other individuals to conduct the day-to-day operations of the company. Ms. McKernan stated in her Declaration she was willing to accept garnishment paperwork regarding Mr. Jacobs. Plaintiffs never issued a writ of garnishment yet Plaintiffs want Platinum to turn over every single financial document about the company to them. Plaintiffs' theory that Mr. Jacobs operates the company pursuant to a power of attorney has been completely wiped out in spite of Plaintiffs' attempts to hide behind a redaction of checks.

Although Plaintiffs had the ability to do so, Plaintiffs never issued a subpoena to Ms. McKernan for an oral deposition. The Court never acquired jurisdiction over her to force her to be deposed and she never had the ability to object to such a subpoena or seek a protective order regarding the same.

Platinum does not dispute that Plaintiffs have a judgment against Mr. Jacobs. However, Platinum also has the right to continue to operate its business without the entirety of is existence being soaked up by the wild-west and factually unsupported discovery tactics of Plaintiffs.

DATED this 10th day of April 2019.

LEDGER SQUARE LAW, P.S.
By: s/ Stuart C. Morgan
Stuart C. Morgan, WSBA # 26368
Grady R. Heins, WSBA # 54262
Ledger Square Law, P.S.
710 Market St.
Tacoma, WA 98402
Phone:     (253) 327-1900
Facsimile: (253) 327-1700
Email:     stu@ledgersquarelaw.com
           grady@ledgersquarelaw.com
Attorneys for Platinum Collision Center LLC

PLATINUM AND McKERNAN'S FRCP 72(a) OBJECTIONS TO
MAGISTRATE FRICKE'S APRIL 1, 2019 ORDER - 14
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

# CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below, I caused to be served the foregoing document on the following persons and in the manner listed below:

| | |
|---|---|
| Mark B. Melter<br>Fain Anderson Vanderhoef Rosendahl<br>701 Fifth Ave., Suite 4750<br>Seattle, WA 98104-7089 | ☑ CM/ECF<br>☐ Via Legal Messenger<br>☐ Overnight Courier<br>☐ Electronically via email<br>☐ Facsimile |

DATED this 10th day of April 2019 at Tacoma, Washington.

s/ Amy Jean Shackelford, PP, PLS
Legal Assistant to Stuart C. Morgan and Grady R. Heins
Ledger Square Law, P.S.
710 Market St.
Tacoma, WA 98402
Phone:      (253) 327-1900
Facsimile:  (253) 327-1700

PLATINUM AND McKERNAN'S FRCP 72(a) OBJECTIONS TO
MAGISTRATE FRICKE'S APRIL 1, 2019 ORDER - 15
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700