HONORABLE THERESA L. FRICKE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>TACOMA THERAPY, INC., TACOMA REHABILITATION THERAPY, INC., P.S., ANDREW JACOBS, MELANIE JACOBS, NANDY, INC., NATHAN LEMINGS AND JANE DOE LEMINGS, husband and wife, and the marital property thereof, THE LAW OFFICE OF MCLAUGHLIN & ASSOCIATES, INC., WESLEY MCLAUGHLIN AND JANE DOE MCLAUGHLIN, husband and wife, and the marital property thereof, DIRECT SOLUTIONS MARKETING, INC., DOES 1-100 and ROES 101-200,<br><br>Defendants. | Case No. 3:18-mc-05022-RBL-TLF<br><br>**PLAINTIFFS' MOTION FOR SANCTIONS AND FINDING OF CONTEMPT**<br><br>**Noting Date: April 26, 2019** |

//

//

PLAINTIFFS' MOTION FOR SANCTIONS AND FINDING OF CONTEMPT - 1

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

## I. RELIEF REQUESTED

Plaintiffs Allstate Insurance Company, Allstate Property & Casualty Insurance Company, Allstate Indemnity Company, and Allstate Fire & Casualty Insurance Company (Plaintiffs) respectfully request that the Court award sanctions against Andrew Jacobs and Platinum Collision Center, LLC, dba Ace Autobody (Platinum) and find them both in contempt for failing to comply with this Court's Order of April 1, 2019, regarding Plaintiffs' postjudgment discovery requests.

## II. RELEVANT FACTS

The relevant facts include the following:

- Plaintiffs issued postjudgment discovery consisting of debtor interrogatories and requests for production to Mr. Jacobs and a document subpoena to Platinum. Dkt. ## 1, 11-7, 11-9.
- This Court twice authorized the postjudgment discovery. Dkt. ## 3, 5.
- Plaintiffs twice served Mr. Jacobs and Platinum with the postjudgment discovery. Dkt. ## 11-1, 11-4, 11-6, 11-8.
- Mr. Jacobs and Platinum failed to respond to Plaintiffs' postjudgment discovery requests. Dkt. # 11 at ¶16.
- Plaintiffs engaged in discovery conferences with Mr. Jacobs and Platinum. Platinum was represented by counsel during its discovery conference. Dkt. # 11 at ¶¶17-19.
- Mr. Jacobs and Platinum failed again to respond to Plaintiffs' postjudgment discovery requests. *Id.* at ¶¶20-21.
- Plaintiffs moved to compel responses from Mr. Jacobs and Platinum. Dkt. ## 10, 11, 14, 16.
- Mr. Jacobs and Platinum were served with Plaintiffs' motion to compel. Dkt. # 12.
- Mr. Jacobs and Ms. McKernan filed objections/declarations to Plaintiffs' motion. Dkt. ## 13, 15.
- This Court granted Plaintiffs' motion and **specifically stated that Mr. Jacobs' and Platinum's failure to comply may subject them to contempt and an Order requiring them to pay the reasonable attorneys' fees of Plaintiffs**. Dkt. # 19 at 3.
- Since the Court's Order compelling discovery, neither Mr. Jacobs nor Platinum have responded to Plaintiffs' discovery requests.

PLAINTIFFS' MOTION FOR SANCTIONS AND
FINDING OF CONTEMPT - 2

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 · f. 206-749-0194

### III. ISSUE

**ISSUE:** Should the Court sanction Mr. Jacobs and Platinum and hold them in contempt for failing to respond to Plaintiffs' discovery requests and to comply with this Court's Order of April 1, 2019?

**ANSWER:** *Yes.*

### IV. EVIDENCE RELIED UPON

Plaintiffs rely on the declaration of Mark B. Melter, the exhibits contained therein, and the other pleadings and papers before this Court.

### V. ARGUMENT

A. <u>The Court should sanction Mr. Jacobs and Platinum for failing to respond to Platinum's discovery.</u>

Under Rule 37(d)(3), this Court "**must** require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *RRW Legacy Mgmt. Grp., Inc. v. Walker*, No. C14-326 MJP, 2017 U.S. Dist. LEXIS 53206, at *4 (W.D. Wash. Apr. 6, 2017) (J. Pechman).

In this case, neither Mr. Jacobs nor Platinum have responded to Plaintiffs' discovery requests and neither have any justification for their failure. Mr. Jacobs had provided nothing in response to Plaintiffs' discovery. He is flagrantly disregarding the authority of this Court and Plaintiffs' attempts to collect on their judgment. He should be sanctioned.

Platinum should also be sanctioned. Despite being represented by counsel at all material times during this process,[1] Platinum has produced but a few pages of documents. Those include documents that can be obtained through the secretary of state's website, a document stating Mr. Jacobs was terminated by Platinum, and two purported power-of-attorney documents. Again, this is despite Platinum being represented by counsel throughout most of this process.

Platinum has also filed FRCP 72 "objections" that do not identify anything that was <u>clearly erroneous</u> in Magistrate Judge Fricke's Order, as is required by the rule, but are an attempt to relitigate issues that have already decided. In doing so, Platinum asserts a swath of

---

[1] Mr. Morgan appeared on April 4, 2019, but was representing Platinum in another capacity prior to that date.

PLAINTIFFS' MOTION FOR SANCTIONS AND
FINDING OF CONTEMPT - 3

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

objections that were not raised previously or were resolved during a discovery conference in which, again, Platinum was represented by counsel. Platinum's untimely objections are waived and it cannot relitigate those issues now. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (failure to timely object to the "discovery request, or at the very least in response to the motion to compel," rendered the objection waived). The Court should swiftly deny Platinum's Rule 72 motion.

Platinum argues that it needs more time to comply with Plaintiffs' discovery requests, yet it has refused to identify what responsive documents it has identified, let alone what documents it has already reviewed. In other words, it refuses to identify what it has done to comply with Plaintiffs' discovery requests. Assuming it has identified and reviewed any responsive documents, Platinum has so far failed to disclose those documents that are plainly responsive and nonobjectionable.

Finally, while Platinum's current counsel appeared last week, it was Platinum's decision to fire Mr. Kesling following the February discovery conference, to essentially ignore Plaintiffs' motion to compel, and to hire a new attorney who had an out-of-state conflict during the time that Platinum was supposed to be reviewing and producing documents. It is similarly perplexing that Platinum would not advise its current counsel of Plaintiffs' pending motions to compel after firing Mr. Kesling.

At any rate, there is no reasonable basis for Platinum's failure to respond to Plaintiffs' document subpoena. It appears to have done nothing since the Court's Order of April 1, 2019, which is consistent with what it did before that date. The Court should sanction Platinum and Mr. Jacobs in the amount of Plaintiffs' attorney fees for bringing its motion to compel, this motion, and responding to Platinum's frivolous Rule72 motion (if required).

B. <u>The Court should hold Mr. Jacobs and Platinum in contempt for violating the Court's Order compelling production.</u>

The Court should also hold Mr. Jacobs and Platinum in contempt for violating the Court's Order compelling production. This Court has the inherent power to hold a party in civil contempt in order to enforce compliance with an order of the court or to compensate for losses of damages. *RRW Legacy Mgmt. Grp., Inc.*, *supra*, at *4 (citing *Powell v. Ward*, 643 F.2d 924, 931 (2nd Cir. 1981)). Three elements must be satisfied as a prelude to a finding of contempt: (1) the order must be "clear and unambiguous," (2) the proof of non-compliance must be "clear

PLAINTIFFS' MOTION FOR SANCTIONS AND FINDING OF CONTEMPT - 4

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

and convincing," and (3) the party against whom the contempt finding is sought must not have "been reasonably diligent and energetic in attempting to accomplish what was ordered." *Id.*

All the elements are present here. There is nothing ambiguous about the Court's Order of April 1, 2019, requiring full compliance with Plaintiffs' discovery requests. Yet neither Mr. Jacobs nor Platinum have complied: Mr. Jacobs has not done anything, and Platinum filed a motion arguing it shouldn't have to. Finally, there is no evidence that Mr. Jacobs or Platinum have been reasonably diligent in attempting to accomplish the Court's Order. To the contrary, the evidence indicates both parties have ignored the authority of this Court and disregarded its Order without sufficient legal basis. The Court should find both parties in contempt and sanction them to a fee of $1,000 per day, starting from April 10, 2019, until they comply in full. *RRW Legacy Mgmt. Grp., Inc.*, *supra*, at *7-8 (finding third party in contempt for failing to respond to postjudgment discovery and awarding a sanction of $1,000 per day).

## VI.  CONCLUSION

For the reasons set forth above, the Court should sanction Mr. Jacobs and Platinum in the amount of Plaintiffs' attorney fees. The Court should further find both parties in contempt and sanction them $1,000 per day, as of April 10, 2019, until they respond in full to Plaintiffs' discovery requests.

DATED THIS 11TH DAY OF APRIL, 2019.

>FAIN ANDERSON VANDERHOEF
>ROSENDAHL O'HALLORAN SPILLANE, PLLC
>
>
>By: */s Mark B. Melter*
>Eron Z. Cannon, #42706
>Mark B. Melter, #46262
>Fain Anderson VanDerhoef, Rosendahl
>O'Halloran Spillane, PLLC
>701 Fifth Avenue, Suite 4750
>Seattle, WA 98104
>eron@favros.com
>mark@favros.com
>Ph: 206.749.0094
>Fx: 206.749.0194
>Attorney for Plaintiffs

PLAINTIFFS' MOTION FOR SANCTIONS AND FINDING OF CONTEMPT - 5

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

# CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April, 2019, I electronically filed **PLAINTIFFS' MOTION FOR SANCTIONS AND FINDING OF CONTEMPT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| ***Attorneys for Defendants***<br>Stuart C. Morgan<br>Grady Heins<br>710 Market St<br>Tacoma, WA 98402-3712<br>stu@ledgersquarelaw.com<br>grady@ledgersquarelaw.com | ☐ Regular U.S. Mail<br>☐ Facsimile (253) 573-1115<br>☐ ABC Process Service<br>☑ CM/ECF |

Signed at Seattle, Washington this 11th day of April, 2019.

*/s/Donna Steinmetz*
Donna Steinmetz, *Legal Assistant*

PLAINTIFFS' MOTION FOR SANCTIONS AND FINDING OF CONTEMPT - 6

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194