THE HONORABLE RONALD B. LEIGHTON
THE HONORABLE THERESA L. FRICKE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>TACOMA THERAPY, INC., TACOMA REHABILITATION THERAPY, INC., P.S., ANDREW JACOBS, MELANIE JACOBS, NANDY, INC., NATHAN LEMINGS and JANE DOE LEMINGS, husband and wife, and the marital property thereof, THE LAW OFFICE OF MCLAUGHLIN & ASSOCIATES, INC., WESLEY MCLAUGHLIN and JANE DOE MCLAUGHLIN, husband and wife, and the marital property thereof, DIRECTION SOLUTIONS MARKETING. INC., DOES 1-100, and ROES 101-200.<br><br>Defendants. | NO. 3:18-mc-05022 RBL-TLF<br><br>PLATINUM COLLISION CENTER LLC's OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT AND FOR SANCTIONS AGAINST PLATINUM<br><br>**ORAL ARGUMENT SCHEDULED APRIL 17, 2019 @ 10:00 A.M.** |

PLATINUM COLLISION CENTER LLC's OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT AND FOR SANCTIONS AGAINST PLATINUM - 1
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma. WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

## I. **RELIEF REQUESTED**

Platinum Collision Center, LLC and its sole member, Tausha McKernan (collectively referred to throughout as "Platinum"),[1] respectfully requests that the Court deny Plaintiffs' Motion for Contempt and for Sanctions against Platinum.

Plaintiffs state that "Platinum should also be sanctions" and one of their arguments is that Platinum was "represented by counsel at all material times during this process." Notably Plaintiffs then stick a footnote to that statement stating, "Mr. Morgan appeared on April 4, 2019 but was representing Platinum in another capacity prior to that date."

First, the statement that Platinum was represented by counsel at all material times during this process is incorrect. Platinum acknowledges it was previously represented by attorney Peter Kessling, but it is clear that this type of litigation was not the type of litigation to which Mr. Kessling is accustomed. Mr. Kessling did not file a Notice of Appearance, but he did interpose objections to Plaintiffs' subpoena, but then identified to Plaintiffs' counsel after transmitting those objections he no longer represented Platinum. Platinum then attempted a pro se defense to Plaintiffs' Motion to Compel which resulted in Magistrate Fricke's April 1, 2019 Order.

Second, the undersigned represents Platinum on a different matter – a lease dispute wherein a landlord signed a lease for a second location for Platinum, but then the landlord breached the lease. There is no record to support Plaintiffs' insinuation somehow the undersigned attorneys were steering Platinum's pro se actions in this matter. That is 100% not the case, but it illustrates the unfortunate lengths Plaintiffs are willing to go in this matter to apparently annihilate Platinum.

Plaintiffs further complain that Platinum has "refused to identify what responsive documents it has identified, let alone what documents it has already reviewed."[2] This is also a very misleading argument. Since April 4, 2019, counsel for Platinum has identified at least one major fundamental flaw in Plaintiffs' analysis. Plaintiffs relied heavily on redacted Allstate checks that contained

---

[1] Platinum's d/b/a/ is Ace Autobody and Collision which is often referred to in pleadings by Allstate as "Ace."
[2] *Motion* at 4.

PLATINUM COLLISION CENTER LLC's OPPOSITION TO
PLAINTIFFS' MOTION FOR CONTEMPT AND FOR SANCTIONS
AGAINST PLATINUM - 2
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

notations on the reverse of the checks referencing a "POA on file" and Mr. Jacobs initials. To date, Platinum has shown Allstate that the POA refers to the limited power of attorney in Platinum's work orders where customers authorize Platinum to deposit insurance checks to pay for the repairs.

Allstate had to know this all along though as it has issued checks to Platinum and vehicle title owners since at least 2016 and never once objected as to the method of deposit of the check. Allstate never stopped payment on the checks. Allstate did nothing because Allstate knew this is how the system works. Instead, though, they pulled wool over the Court's eyes – never explaining that this is exactly how the auto collision repair industry works.

As the Court is aware, Magistrate Fricke's April 1, 2019 Order left Platinum a very short window of time to produce an expansive array of documents which include years' worth of bank records, checks, LLC documents, text messages, and emails. Anyone faced with less than 10 days to provide such records would have an impossible time doing so.

Added to this matter is an additional nuance that Plaintiffs have regular financial dealings with Platinum. Issues such as cost of repairs and storage charges are routinely the subject of negotiations between Platinum and Allstate (and other insurers). Allstate could very well use sensitive financial information of Platinum to Platinum's disadvantage in those negotiations. Platinum's objections on this basis are well grounded.

Additionally, Plaintiffs do not deny that they have been provided documentation of the LLC showing that it is a single member LLC and that Mr. Jacobs has no membership interest which is required under Washington law to "own" any portion of the LLC. And Platinum and new counsel have been working diligently on securing documents as follows since April 4, 2019:

1. Almost immediately, the undersigned requested a meeting with lead counsel for Plaintiffs to discuss the status of the case.

2. The undersigned has confirmed that the LLC documents establish only one member of Platinum who is Ms. McKernan.

PLATINUM COLLISION CENTER LLC's OPPOSITION TO
PLAINTIFFS' MOTION FOR CONTEMPT AND FOR SANCTIONS
AGAINST PLATINUM - 3
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

3. The undersigned investigated and determined that Plaintiffs' central argument for discovery – cancelled checks showing language on the back referring to a "POA on file" and argued to have been initialed by Mr. Jacobs – was based on limited power of attorney language in Platinum's work orders authorizing Platinum to deposit checks from insurance companies to pay for repairs. As a result, Platinum has secured Plaintiffs' agreement to table the production of an estimated over 3,000 pages of documents until a later date.

4. Ms. McKernan contacted Heritage Bank to order bank statements and copies of checks. Heritage Bank inquired as to the reason for the order and Ms. McKernan advised it was regarding a legal matter. Unfortunately, this caused Heritage to decline Ms. McKernan's request and contact its legal department before providing the records. The undersigned is presently working on that issue directly with Heritage Bank management, but has not received a response as of this time.

5. Platinum timely filed and served its objections to Magistrate Fricke's April 1, 2019 Order and sought to have those objections heard by the District Court Judge.

6. As Plaintiffs have identified, Mr. Jacobs apparently went through the bankruptcy process in which Plaintiffs participated. Platinum is in the process of investigating whether the issues Plaintiffs now raise regarding Platinum were addressed or should have been addressed in Mr. Jacobs' bankruptcy. Platinum reserves all rights and remedies related thereto and does not waive any arguments regarding res judicata or collateral estoppel related thereto.

## II.   ADDITIONAL ARGUMENT

Allstate never issued a writ of garnishment, a writ of attachment, or a writ of execution to Platinum to enforce its judgment against Mr. Jacobs. Platinum terminated Mr. Jacobs on April 3, 2019. Platinum no longer employs Mr. Jacobs (yet the business still manages to operate). Platinum does not have any property of Mr. Jacobs in its possession. Platinum is not indebted to nor would it become indebted to Mr. Jacobs at any time.

PLATINUM COLLISION CENTER LLC's OPPOSITION TO
PLAINTIFFS' MOTION FOR CONTEMPT AND FOR SANCTIONS
AGAINST PLATINUM - 4
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

Regardless, Platinum now has a demonstrated pattern of working with Plaintiffs to accomplish responses to the subpoena, but still protecting Platinum's rights to its confidential business information. Platinum is not stonewalling or refusing to comply with Magistrate Ficke's April 1, 2019 Order. Platinum is asserting its rights to object to that Order and, simultaneously, producing documents and attempting to obtain documents which would be responsive to Plaintiffs' subpoena. This is not the type of situation for which contempt and sanctions are warranted.

DATED this 16th day of April 2019.

LEDGER SQUARE LAW, P.S.
By: s/ Stuart C. Morgan
Stuart C. Morgan, WSBA # 26368
Grady R. Heins, WSBA # 54262
Ledger Square Law, P.S.
710 Market St.
Tacoma, WA 98402
Phone:     (253) 327-1900
Facsimile: (253) 327-1700
Email:     stu@ledgersquarelaw.com
           grady@ledgersquarelaw.com
Attorneys for Platinum Collision Center LLC

PLATINUM COLLISION CENTER LLC's OPPOSITION TO
PLAINTIFFS' MOTION FOR CONTEMPT AND FOR SANCTIONS
AGAINST PLATINUM - 5
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below, I caused to be served the foregoing document on the following persons and in the manner listed below:

| | |
|---|---|
| Mark B. Melter<br>Fain Anderson Vanderhoef Rosendahl<br>701 Fifth Ave., Suite 4750<br>Seattle, WA 98104-7089 | ☒ CM/ECF<br>☐ Via Legal Messenger<br>☐ Overnight Courier<br>☐ Electronically via email<br>☐ Facsimile |

DATED this 16th day of April 2019 at Tacoma, Washington.

s/ Amy Jean Shackelford, PP, PLS
Legal Assistant to Stuart C. Morgan and
Grady R. Heins
Ledger Square Law, P.S.
710 Market St.
Tacoma, WA 98402
Phone:    (253) 327-1900
Facsimile:    (253) 327-1700

PLATINUM COLLISION CENTER LLC's OPPOSITION TO
PLAINTIFFS' MOTION FOR CONTEMPT AND FOR SANCTIONS
AGAINST PLATINUM - 6
Case No. 3:18-mc-05022 RBL-TLF

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone:  (253) 327-1900
Facsimile:  (253) 327-1700