UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY, | Case No. 3:18-mc-05022-RBL-TLF |
| | **PLAINTIFFS' RESPONSE TO PLATINUM'S FRCP 72(A) OBJECTIONS** |
| Plaintiffs, | **Noting Date: April 17, 2019** |
| v. | |
| TACOMA THERAPY, INC., TACOMA REHABILITATION THERAPY, INC., P.S., ANDREW JACOBS, MELANIE JACOBS, NANDY, INC., NATHAN LEMINGS AND JANE DOE LEMINGS, husband and wife, and the marital property thereof, THE LAW OFFICE OF MCLAUGHLIN & ASSOCIATES, INC., WESLEY MCLAUGHLIN AND JANE DOE MCLAUGHLIN, husband and wife, and the marital property thereof, DIRECT SOLUTIONS MARKETING, INC., DOES 1-100 and ROES 101-200, | |
| Defendants. | |

*//*

*//*

*//*

PLAINTIFFS' RESPONSE TO PLATINUM'S
FRCP 72(A) OBJECTIONS - 1

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 · f. 206-749-0194

Plaintiffs Allstate Insurance Company, Allstate Property & Casualty Insurance Company, Allstate Indemnity Company, and Allstate Fire & Casualty Insurance Company (Plaintiffs) request that the Court reject Platinum Collision Center, LLC, and Tausha McKernan's FRCP 72(a) Objections to Magistrate Fricke's April 1, 2019 Order.

## II.     ARGUMENT

A.     Platinum and Ms. McKernan waived their Rule 72(a) objections by not timely raising them with Magistrate Judge Fricke.

A litigant waives Rule 72(a) objections by not timely raising the issues to the magistrate judge. *Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1998) ("allowing the parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and preset a different theory to the district court would frustrate the purpose of the Magistrate Act") (*overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc) (per curiam)); *Keen v. Noble*, 2007 U.S. Dist. LEXIS 69629 (E.D. Cal.) ("new evidence and arguments should not be raised in objections to Findings and Recommendations"); *Gwin v. Martel*, No. CV 14-6083-MWF (GJS), 2017 U.S. Dist. LEXIS 17966, at \*2 (C.D. Cal. Feb. 6, 2017) (applying same rule to Rule 72(b)).

When a motion is referred to a magistrate judge, "a party must raise before the magistrate judge all pertinent issues generated by motion and make known to magistrate judge all of its arguments, contentions, and statements of position on which it relies to achieve favorable decision." *Thorndike v. DaimlerChrysler Corp.*, 288 F Supp 2d 50, 53 (D. Me. 2003). "A party is not entitled to a *de novo* review by a district judge of argument never seasonably raised before magistrate judge." *Id.* at 53.

Platinum and Ms. McKernan waived their Rule 72(a) objections by failing to raise them with Magistrate Fricke. Their current objections are nothing more than an attempt to improperly relitigate issues *de novo* that were not seasonably raised before Magistrate Fricke. To rule otherwise would be patently unfair to Plaintiffs. Moreover, this is not the purpose of Rule 72. Plaintiffs have acted in good faith to resolve any legitimate discovery issues at every step of the way, including by participating in a discovery conference with Platinum's then-counsel Mr. Kesling,[1] filing a motion to compel when Platinum's responses were insufficient, and engaging

---

[1] There is absolutely no evidence before this Court by Mr. Kesling or anyone else that Plaintiffs' counsel Mr. Melter misrepresented the terms of that discovery conference.

PLAINTIFFS' RESPONSE TO PLATINUM'S
FRCP 72(A) OBJECTIONS - 2

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 · f. 206-749-0194

in additional discussions and meetings with Platinum's new counsel. Platinum is clearly capable of obtaining counsel and representing its own interests, and it could have done so here. There is no basis to allow Platinum to assert objections and arguments it should have raised in response to Plaintiffs' motion to compel. It is not Plaintiffs' fault that Platinum fired Mr. Kesling and brought in its current counsel while a motion was pending against it. Nor is it justification to set aside Magistrate Fricke's Order.

B.     Platinum have failed to show the Magistrate's Order is clearly erroneous or contrary to law.

Under Rule 72(a), upon review of objections to a magistrate judge nondispositive order, "the district judge must consider **timely objections** and modify or set aside any part of the order that is **clearly erroneous or is contrary to law**." (emphasis added). The magistrate judge's resolution is entitled to substantial deference and may not be disturbed by a district court absent a finding that the determination was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999).

Discovery orders are generally subject to the "clearly erroneous" standard. *SEC v. Banc de Binary Ltd.*, No. 2:13-cv-00993-RCJ-VCF, 2014 U.S. Dist. LEXIS 174871, at *3 (D. Nev. Dec. 16, 2014) ("It was not clear error for the Magistrate Judge to find that further discovery would help prove [defendants acted in concert]"). Thus, "[w]here a magistrate is designated to hear a discovery motion, '[a] judge of the court may reconsider any pretrial matter'" if "'it has been shown that the magistrate's order is clearly erroneous or contrary to law.'" *Rockwell Intern., Inc. v. Pos-A-Traction Industries, Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983) (quoting 28 U.S.C. § 636(b)(1)(A)).

In this case, Platinum and Ms. McKernan have failed to establish that Magistrate Fricke's Order is clearly erroneous or contrary to law. Despite their objections being fourteen pages in length, Platinum and Ms. McKernan hardly mention this legal standard, likely because they cannot meet it. *But see* Dkt. # 23 at 7 (arguing this Court should grant *sua sponte* relief). As noted below, the objections that Platinum and Ms. McKernan do raise are meritless.

1.     Platinum's objections to Plaintiffs' document subpoena are unsupported by law or fact.

**Time limitations.** Platinum incorrectly and disingenuously argues the document subpoena obligates it to produce "seemingly" "every email and text message ever exchanged

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 · f. 206-749-0194

between cousins Andrew Jacobs and Tausha McKernan." Dkt. # 23 at 2. Platinum ignores the discovery conference between Platinum's then-counsel Peter Kesling and Plaintiffs' counsel Mark Melter on February 19, 2019, in which Mr. Melter agreed to limit the subject matters on which Plaintiffs were requesting communications. Dkt. # 11-11. Platinum fails to explain why additional time limitations are necessary for it to respond to those discrete categories. Furthermore, Platinum ignores that Mr. Melter specifically invited Platinum's counsel to raise any time limitation concerns that he believed were necessary, but he never did. Dkt. # 26 at ℙ9.

**Definition of YOU.** Platinum objects to the definition of "YOU." Again, neither Mr. Kesling nor Mr. Morgan raised this issue before filing the instant objections. That aside, Platinum ignores that Plaintiffs submitted the document subpoena as written to this Court in November when it initially sought postjudgment discovery. Dkt. # 2-5. Plaintiffs have not changed a word of the subpoena, including the definition of "YOU," following this Court's Orders authorizing the subpoena. Dkts. ## 3, 5. As a result, the suggestion that the subpoena is outside the scope of Magistrate Fricke's January 10, 2019 Order is unsound.

**Overly Burdensome.** Platinum next asserts that the document subpoena is overly burdensome and would require "hundreds of hours of work." But Platinum has not provided any evidence to support this contention, such as how many responsive documents are in its possession and how long it would take to produce them. This is despite Plaintiffs' counsel repeatedly asking Platinum for information regarding what it has done to date and how much longer it expects production to take. *E.g.*, Dkt. # 26 at ℙℙ11-16.

Notably, when Platinum provided Plaintiffs' counsel <u>actual</u> evidence that one of its requests was especially burdensome—*i.e.*, that there were 1,000-1,200 responsive work orders containing powers of attorney that needed to be collected and scanned into electronic format—Plaintiffs agreed to delay production of those documents in exchange for the production of three <u>specific</u> work orders. If Platinum could produce actual facts, rather than hyperbole, about the burdensomeness of Plaintiffs' other requests, Plaintiffs might consider additional limitations. However, Platinum refuses to provide this information. Dkt. # 26 at ℙℙ12-16; Dkt. # 26-2.

The District Judge should also take note that Platinum is now contending it would be overly burdensome to produce all the checks signed by Mr. Jacobs, Dkt. # 23 at 2, whereas before Mr. Kesling told Plaintiffs' counsel "[t]here are no checks" signed or endorsed by Mr. Jacobs. Dkt. # 11-14 (Resp. to Doc. Req. 3); Dkt. 11-9 (Pls'. Doc. Req. No. 3). It is difficult for

PLAINTIFFS' RESPONSE TO PLATINUM'S
FRCP 72(A) OBJECTIONS - 4

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 · f. 206-749-0194

Plaintiffs to understand how they can accused of "wild‑west and factually unsupported discovery tactics," Dkt. # 23 at 14, when Platinum cannot provide consistent answers regarding whether Mr. Jacobs has signed or endorsed any checks.

Platinum also suggests, without citation to authority, that Plaintiffs should not be allowed to burden Platinum without first attempting to garnish Mr. Jacobs' wages. Respectfully, the manner in which Plaintiffs seek to satisfy their $750,000 judgment is not for Platinum to decide, nor does it make Plaintiffs' requests any more or less reasonable. Platinum's obligation was to show that Magistrate Fricke's order was clearly erroneous. It has failed.

**Phone Records.** Platinum also that Plaintiffs are asking Platinum to obtain the phone records of its employees, agents, consultants, representatives, etc. Plaintiffs are **not**, however, seeking any phone records beyond Platinum's possession, custody, or control. If Platinum sought to raise this issue with Plaintiffs' counsel before filing the instant motion, it would know that.

**Confidential information regarding finances.** Platinum also argues that Magistrate Fricke's Order would force it to disclose "sensitive and confidential information to Platinum's disadvantage." Dkt. # 23 at 3. Plaintiffs are genuinely confused as to what information Platinum is concerned about or how Plaintiffs might use that information against it. This much is clear, however: Plaintiffs are focused on satisfying the judgment against Mr. Jacobs and have no desire to put Platinum at a competitive disadvantage. Platinum's conjecture is not helpful.

**No meaningful production to date.** Plaintiffs would be remiss if they did not point out that Platinum has, even as of today, failed to make any meaningful production of responsive documents, such as communications with Mr. Jacobs, pay stubs of Mr. Jacobs, Mr. Jacobs' employment file, or other nonprivileged documents that are clearly discoverable.

**Summary**. Platinum has failed to identify any clearly erroneous finding or ruling contrary to law in Magistrate Fricke's Order. Where Platinum has provided Plaintiffs a legitimate objection to the document subpoena, Plaintiffs have agreed to limit their discovery.[2] There is no reason to set aside Magistrate Judge's Order and allow Platinum to move for a protective order.[3]

---

[2] Dkt. # 26-2 at ⁋12 (stating that Plaintiffs told Platinum's counsel they were not interested in the work product documents he described).

[3] Uncoincidentally, Plaintiffs suggested a protective order during their discovery conference

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 · f. 206-749-0194

2.     Ms. McKernan has not identified any legitimate basis to object to her examination.

Ms. McKernan also objects to Magistrate Fricke's Order directing her to appear for an examination. She argues Plaintiffs never issued a subpoena for her examination, thereby depriving the Court of jurisdiction over her and leaving her without ability to respond. Of course, Plaintiffs did not issue a subpoena to Ms. McKernan because Magistrate Fricke's Order did not require them to issue a subpoena. Still, Ms. McKernan cites to no authority for the proposition that a district court cannot, through a magistrate's order only, direct a person within its jurisdiction to appear for an examination. To the extent this is an issue, it is easily remedied by allowing Plaintiffs to simply serve a subpoena on Ms. McKernan.

Ms. McKernand's objections also baselessly call into question whether she was served by Plaintiffs with the Magistrate's Order. *See* Dkt. # 23 at 13 ("There is no indication in the Court's file as to whether Platinum or Ms. McKernan was ever served with the April 1, 2019 Order or the method of service.") Respectfully, this is gamesmanship. Ms. McKernan and her counsel know she was served with the April 1, 2019 Order, and it is inappropriate to suggest otherwise. Dkt. # 33. It is especially untoward following Ms. McKernan's prior claim that she was not served by Plaintiffs' Motion to Compel. *See* Dkt. # 16 (Pls.' Surreply addressing prior claims of no service); Dkt. # 12 (affidavit of service stating individual at Platinum put papers outside office following service).

Finally, Ms. McKernan's claim that she had no opportunity to respond to Plaintiffs' request is belied by the fact that she ***did***, in fact, respond. Dkt. # 15. She has done nothing to demonstrate that Magistrate Fricke's Order was clearly erroneous or contrary to law.

C.     Platinum and Ms. McKernan's additional argument is unpersuasive and does not negate the evidence already before this Court.

Platinum appears to believe that it has "completely wiped out" Plaintiffs' theory of a fraudulent transfer or alter ego relationship, but this is absolutely false. While Plaintiffs have explained why there may be power of attorney documents, they have not explained why a marketing and sales manager, who was purportedly an independent contractor, is endorsing checks on behalf of Platinum when it previously represented that he was not a signatory on its

with Platinum, but Platinum refused this invitation. Dkt. # 11-11.

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 · f. 206-749-0194

bank account.

Furthermore, it is undisputed that Plaintiffs have produced uncontroverted testimony that Mr. Jacobs is representing himself to the public as the owner of Platinum, Dkt. # 11 at ℙℙ27-28; that, despite being the sole owner of Platinum, Ms. McKernan has not filed any taxes pertaining to Platinum for years 2016, 2017, or 2018, Dkt. # 11-13 at 7; that one of Platinum's business formation documents contains a signature purportedly belonging to Ms. McKernan that is likely forged, Dkt. # 11-20 at 3; that Ms. McKernan appears to have represented to the public that she is not the owner of Platinum, Dkt. # 11 at ℙ29; that Ms. McKernan did not publicly disclose her ownership in Platinum until after Plaintiffs served their initial postjudgment discovery in this matter, Dkt. # 11 at ℙ25; and that one of the features of the underlying RICO fraud perpetuated by Mr. Jacobs involved creating a shell company to funnel money from business in which he held a silent ownership interest, Dkt. # 11 at ℙ5-6.

Based on the information above, including the questions that still surround Mr. Jacobs' role and participation in Platinum, Platinum and Ms. McKernan have failed to show that any part of Magistrate Fricke's Order of April 1, 2019 was clearly erroneous or contrary to law. The Court should affirm the Magistrate's Order and reject Platinum's and Ms. McKernan's objections.

## II.    CONCLUSION

Platinum and Ms. McKernan failed to properly raise their objections before the Magistrate Judge. Accordingly, their objections are waived. To the extent the Court considers them, they are meritless and insufficient to demonstrate that the Magistrate Judge's Order was clearly erroneous or contrary to law.

DATED THIS 16TH DAY OF APRIL, 2019.

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC

By: */s Mark B. Melter*
    Eron Z. Cannon, #42706
    Mark B. Melter, #46262
    Fain Anderson VanDerhoef, Rosendahl
    O'Halloran Spillane, PLLC
    701 Fifth Avenue, Suite 4750
    Seattle, WA 98104
    eron@favros.com

PLAINTIFFS' RESPONSE TO PLATINUM'S
FRCP 72(A) OBJECTIONS - 7

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 · f. 206-749-0194

mark@favros.com
Ph: 206.749.0094
Fx: 206.749.0194
Attorney for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 · f. 206-749-0194

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of April, 2019, I electronically filed **PLAINTIFFS' RESPONSE TO PLATINUM'S FRCP 72(A) OBJECTIONS** with the Clerk of the Court using the CM/ECF system and notification of such filing was sent to the following as indicated below:

| | |
|---|---|
| ***Attorneys for Defendants*** | ☐ Regular U.S. Mail |
| Stuart C. Morgan | ☐ Facsimile (253) 573-1115 |
| Grady Heins | ☐ ABC Process Service |
| 710 Market St | ☑ CM/ECF |
| Tacoma, WA 98402-3712 | |
| stu@ledgersquarelaw.com | |
| grady@ledgersquarelaw.com | |
| | |
| ***Pro Se Defendant*** | ☑ Regular U.S. Mail |
| Andrew Jacobs | ☐ Facsimile |
| Platinum Collision Center d/b/a Ace | ☐ ABC Process Service |
| Autobody | ☑ Email |
| 7728 River Road East, | |
| Puyallup, WA 98371-3843 | |
| andy@aceautobodyandcollision.com | |

Signed at Seattle, Washington this 16th day of April, 2019.

/s/Donna Steinmetz
Donna Steinmetz, *Legal Assistant*

PLAINTIFFS' RESPONSE TO PLATINUM'S
FRCP 72(A) OBJECTIONS - 9

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 · f. 206-749-0194